————o————

STATE OF MISSOURI, *ex rel.*, TOWNSHIP BOARD OF EDUCATION, Township 45, Range 6 East, Plaintiff in Error *vs.* WILLIAM H. HEATH, Auditor of St. Louis County, Defendant in Error.

1. *Township organization—Webster Groves School District—Power to extend limits of—Constr. Stat.*—The town of Webster Groves having been laid out and a plat thereof having been filed in the proper recorder's office (§ 1, Act March 17th, 1868; Adj. Sess. Acts, 1868, p. 164), under § 1 of the Act of March 23rd, 1868, *Id.*, p. 164, the Webster Groves district had power to change and extend its limits, although the town was not incorporated. Notwithstanding the use of the word "corporation" in the last mentioned statute, the design of the legislature was not to confine the operation of its provisions to towns, etc., which had been incorporated.

*Error to St. Louis Circuit Court.*

*Frank J. Bowman,* for Plaintiff in Error.

*Charles E. Pearce*, for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

The plaintiff filed a petition for a mandamus against the defendant as auditor of St. Louis county, to compel him to levy an estimate, reported and returned to him by the township clerk for sub-district No. 4 of township No. 45, range 6 east, for the year ending April, A. D. 1872, on certain lands named in said petition.

An alternative writ was issued, to which the defendant made a return, in which he stated that on or about the 5th day of September, 1860, a plat of the town of Webster Groves was duly filed and recorded in the recorder's office of St. Louis county; that afterwards, on the 25th day of August, 1868, the said town of Webster Groves was duly organized into a school district in conformity to the statutes in such case made and provided, and called "The Webster Groves school district." That afterwards, on the 28th day of November, 1868, the said school district was duly extended, according to the statutes in such case provided, and made to comprise certain limits in the return stated, and which includes the lands in which the plaintiff asks the taxes to be levied on the estimate in favor of district No. 4 of township No. 45, of range No. 6. It is claimed by the return that the land in controversy is situated in the Webster Groves school district, and has been taxed there for school purposes for several years, and that it is not included in district No. 4, before referred to; so that the main issue presented by the pleadings was, as to whether the property sought to be taxed was situated in the one district or the other.

The court at special term found for the defendant, and vacated or set aside the alternative writ of mandamus, and rendered judgment against the plaintiff for costs. The plaintiff appealed to the general term of the Circuit Court, where the judgment of special term was affirmed, and the plaintiff has brought the case here by writ of error.

The case was tried in the Circuit Court on the following agreed statement of facts.

First—that a plat of the town of "Webster Groves" was duly filed and recorded in the recorder's office of St. Louis county, together with the territory attached thereto, on the 5th day of September, 1860; but no portion of the territory in dispute was included in said plat; Second—that the original school district of "Webster Groves" was organized on the 25th day of August, 1868, comprising in its limits the said town of Webster Groves, and in accordance with the provisions of the statutes in such case made and provided, concerning cities, towns, and villages, and acts amendatory thereto, that the board of directors of said school district was duly, and in accordance with the statute, elected on the second Saturday in September, 1868, and that on the 18th day of September, 1868, permanent organization was made by the election of president, secretary and treasurer; Third—that on the 28th day of November 1868, the limits of said district were extended and the boundaries set forth in description marked "Ex. A." and herewith filed, were duly adopted by the Board of Education of Webster Groves school district; that said boundaries do not extend one and one-half miles from said town of Webster Groves, and that upon the passage of the resolution extending said limits the secretary of said board transmitted copies of the same to the clerk of the school township affected thereby; Fourth—that the returns and plats made to the auditor of St. Louis county by the clerk of said township 45, and by said board of Webster Groves school district for the fiscal years 1869, 1870, and 1871, accorded in the boundaries of school district territory with the boundaries adopted by the Webster Groves school district on the 28th day of November, 1868, with the exception of certain territory set off to the Fairview school district, by agreement between the Webster Groves school board and the board of said Fairview district, and that the taxes for the support of public schools were assessed for said years 1869, 1870, and 1871, in accordance with said boundaries, and were paid according to said assessment. * * * Eighth—that the plats returned to said auditor by the said township clerk of

township 45, and by the said Board of Education of Webster Groves School district for the fiscal year ending April, 1872, both comprised within their respective limits the territory in dispute in this cause; Ninth—that the said auditor has caused taxes to be assessed upon property within the Webster Groves school district, and upon the property within the limits of said sub-district No. 4, for school purposes, for the year ending April, 1872, in accordance with the plats returned for the year 1871; Tenth—that at a regular meeting of the Board of education of township 45, September 17, 1870, the following resolution was passed: "Resolved, that the boundary line between district No. 4 and the Webster Groves school district be so changed and straightened as to correspond with the central line of Bismarck avenue, when extended eastwardly and westwardly;" Eleventh—that the territory intended to be attached to sub-district No. 4 by this resolution is the territory now in dispute in this case, also that all due notices in the premises were given; Twelfth—that prior to November 28, 1868, the territory now in dispute was embraced within the limits of sub-district No. 4; Thirteenth— that the original school district of Webster Groves was not established by the township board of education of township 45, 6 east, and no authority given by the said township board for the extension of the limits of said Webster Groves school district."

The foregoing are all of the facts appearing in the record of the case necessary to be noticed in order to a proper understanding of the questions to be considered by this court.

It will be seen that the main, if not the only question to be decided is, whether the "Webster Groves school district" had the power under the laws of this State to change and extend its limits so as to include the lands or territory in dispute? By the first section of chapter 47 of the general statutes of this State (general statutes of 1865, p. 274) it is provided as follows: "Any incorporated city or town in this State, plat as laid out and recorded with the territory attached, or hereafter to be attached to said city, town or vil-

lage, for school purposes, may be organized into and established as a single school district, in the manner and with the powers hereinafter specified; but the provisions of this chapter shall not apply to any city, town, or village, or any part thereof, which is now governed, as to schools, by any special law."

By an explanatory act of the General Assembly of this State, approved March 17, 1868, it was provided as follows: "Section 1. Section one, chapter forty-seven, title sixteen, general statutes of 1865, is hereby declared to mean, and to have been designed and intended to comprehend and mean, that any city, town or village, the plat of which had previously been duly filed and recorded in the recorder's office of the county wherein the same is situate, together with the territory attached, or which shall hereafter be attached to any such city, town or village for school purposes, may be organized into and established as a single school district in the manner and with the powers in said chapter forty-seven afterwards provided; but that the provisions of said chapter should not apply to any city, town or village or any part thereof, which was at the time governed as to schools by any special law." (Sess. Acts of 1868, p. 164). It will be seen that the object of this explanatory act was to apply the provisions of the law authorizing the organization of cities and towns into separate school districts, to all cities, towns and villages in the State, whether incorporated or not, provided they had a plat of their towns or villages filed and recorded in the recorder's office of the county where situate, as is provided by law.

It is shown by the admitted facts in this case, that the town of Webster Groves had been regularly laid out and a plat thereof filed and recorded as the law directs, in the year 1860, and that after the passage of this explanatory act of 1868, said town was duly organized into a school district, in conformity to the law on the subject, and elected a board of education for the transaction of its business. The General Assembly of the State of Missouri passed another act on the subject of schools in cities, towns and villages, which was approv-

ed on the 23d of March, 1868 (Sess. Acts of 1868, p. 164), by which it was provided as follows:

"Section 1. It shall be lawful for any board of education of any city, town or village in the State of Missouri, at any meeting thereof, to extend the limits or boundaries of the territory attached, for school purposes, to any city, town or village, to any distance, not to exceed one and one-half miles from the limits of the corporation of any such city, town or village, as may, in their estimation, advance the general interest of education; and upon the passage of a resolution by any board of education of any city, town or village, extending the limits or boundaries of the territory attached for school purposes, to any city, town or village, as aforesaid, it shall be the duty of the secretary of the board to transmit copies of the same, to the clerk of each school township affected thereby, without delay, and thereupon, the said township clerk shall cause maps of their respective townships, provided for in section 13 of chapter 46 of the General Statutes, to be changed accordingly."

It is not pretended in this case, that the town of Webster Groves has not complied with each of the before-quoted sections of the different statutes on the subject, and it is not insisted, that the school district called Webster Groves district has not, by its board of education, extended its limits so as to include the lands upon which the tax is sought to be levied in favor of district No. 4, as set forth in the petition in this action, provided that the last above-quoted section of the statutes shall be held to be applicable to unincorporated towns and villages. It is insisted, on the part of the plaintiff, that the only cities, towns and villages which are authorized to extend their limits for school purposes to the distance of one and a half miles from their original limits, are incorporated cities, towns or villages, and that Webster Groves not being an incorporated town, the attempt to extend its school limits, under the last-named act of the legislature, is void, and that therefore the land included within said extended lines is taxable in the adjoining school districts. This depends on the

construction *to* be given to the act of the 23d of March, 1868, before referred to.   The act of the 17th of March, 1868, and of the 23d of March, 1868, should both be construed together in order to get at the intention of the legislature.    Before the act of the 17th of March, above referred to, was passed, only incorporated cities, towns or villages could be organized into separate school districts, under the laws of 1865.    But by the said act of the 17th of March, all distinction between incorporated and unincorporated cities and towns was abolished and the law was declared to be and mean, that all cities, towns or villages, the plat of which had been previously filed, &c., may be organized into and established a single school district, &c.    Under this law, all that was necessary was that the town must be laid out and a plat thereof filed in the proper recorder's office, to entitle it to the benefits of the act.    Immediately after the passage of this act, or within six or seven days thereafter, on the 23d of March, 1868, the act was passed by the same legislative body providing that it should be lawful for any board of education of any city, town or village in the State of Missouri, at any meeting, &c., to extend the limits or boundaries of the territory attached for school purposes to any city, town or village, to any distance not exceeding one and one-half. miles from the limits of the corporation of such town, &c.

I cannot believe that it was the intention of the legislature, so soon after abolishing all distinction between incorporated and unincorporated towns, to, by the use of the words "corporate limits," as used in this act, confine its provisions to cities and towns which were incorporated.    If that had been the intention, with what propriety would the act commence by saying that the board of education of *any city, town or village in the State of Missouri, etc.?*  Why not say the board of education of any incorporated city, town or village in the State of Missouri, etc., if it was intended to confine the act to such cities or towns ?    I think it is clear, that the intention was to apply the law to all cities, towns or villages, which had been laid out and a plat recorded as provided

for in the act just passed on the 17th of March, and that the words "corporate limits", as used in the said act of the 23d of March, were perhaps carelessly used by the draughtsman of the act, but were intended only to designate the boundary line of the town or city as designated by the plat recorded in the recorder's office. This is the only way to give any rational effect to the different parts of the two acts.

It follows that the judgment rendered for the defendant by the Circuit Court was properly rendered, and that the judgment must be affirmed. The other judges concur.